UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-277-FDW

| | |
|---|---|
| MALCOLM THARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on its September 28, 2018, Order requiring Plaintiff to file an Amended Complaint. (Doc. No. 7), and on Plaintiff's Motion seeking a transfer while this action is pending, (Doc. No. 4).

*Pro se* incarcerated Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983 along with four other inmates alleging, *inter alia*, that their forced participation in an RDU Program at Marion Correctional Institution violates their constitutional rights. (Doc. No. 1). The Complaint was so seriously deficient that the Court was unable to complete initial review. On May 15, 2018, the Court ordered Plaintiffs to file IFP applications and an Amended Complaint within 21 days. (Doc. No. 2). The Court cautioned Plaintiffs that failure to comply would probably result in dismissal. The Court also informed Plaintiffs that the filing of more than one Amended Complaint would probably result in the opening of separate § 1983 cases. Plaintiffs did not file a single Amended Complaint pursuant to the Court's instruction and the case was severed. (Doc. No. 5). Plaintiff Tharrington did, however, file a Motion seeking transfer away from Marion C.I. during the pendency of this action. (Doc. No. 4).

1

On September 28, 2018, the Court Ordered Plaintiff Tharrington to file an Amended Complaint within 10 days and warned him that failure to do so would result in this case's dismissal without prejudice. (Doc. No. 7). Plaintiff has failed to comply with the Court's September 28, 2018, Order by filing an Amended Complaint and the time to do so has now expired.

Plaintiff Tharrington appears to have abandoned this case and the Court is unable proceed. This case is therefore dismissed without prejudice. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 631-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

Plaintiff Tharrington's Motion seeking a temporary transfer during the pendency of this action is denied as moot.[1]

**IT IS, THEREFORE, ORDERED that:**

(1) This action is dismissed without prejudice for Plaintiff's failure to file an Amended Complaint pursuant to this Court's order dated September 28, 2018.

(2) Plaintiff's Motion seeking temporary transfer, (Doc. No. 4), is **DENIED** as moot.

(3) The Clerk of this Court is directed to terminate this action.

Signed: January 7, 2019

Frank D. Whitney
Chief United States District Judge

---

[1] Even if the Motion was not moot, it would be denied for lack of merit. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.")); DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20) (to obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest).